**BUCHALTER**
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
J. PATRICK ALLEN (SBN: 268130)
KATHRYN B. FOX (SBN: 279705)
655 W. Broadway, Suite 1625
San Diego, CA 92101
Tel: (619) 219-5335
Fax: (949) 720-0182
twarren@buchalter.com

Attorneys for Defendants, HYATT CORPORATION
and SUNSTONE EC5, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR BLASER, | Case No.: 3:18-cv-01023-MMC |
| Plaintiff, | *Assigned to the Hon. Maxine M. Chesney* Dept. 7 |
| vs. | |
| HYATT CORPORATION, *et al.,* | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL MEDIATION AND/OR A SETTLEMENT CONFERENCE BEFORE THE MAGISTRATE JUDGE** |
| Defendants. | |
| | Date: August 16, 2019 Time: 9:00 AM |
| | *Proposed Order Submitted Concurrently Herewith* |

**TO THIS HONORABLE COURT, TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 16, 2019 at 9:00 AM in Department 7 of the above-captioned Court, Defendant Hyatt Corporation and Sunstone EC5, LLC ("Defendants") will, and hereby do, bring this Motion to Compel Mediation and/or a Settlement Conference Before Magistrate Judge Robert M. Illman ("Motion").

Defendants respectfully move this Court for an order compelling mediation and/or a settlement conference before Magistrate Judge Robert M. Illman pursuant to Federal Rule of Civil Procedure 16, Northern District of California Civil Local Rule No. 16-8, and the Court's inherent juridical authority to manage cases before it in the interests of justice. Defendants bring the instant Motion because Magistrate Judge Illman could help the Parties resolve disputes over issues on which they remain entrenched in their positions, issue orders on issues over which he has jurisdiction, and otherwise facilitate good faith settlement communications and/or advancement of litigation.

This motion is based on this notice and motion, Defendants' memorandum of points and authorities, all other papers submitted and filed with this Motion, the pleadings and papers on file in this action, and on such further documentary evidence and oral argument as this Court may allow at the hearing.

Dated: July 9, 2019

**BUCHALTER**

By: *Kathryn B Fox*
TRACY A. WARREN
J. PATRICK ALLEN
KATHRYN B. FOX
Attorneys for Defendants

---

**DEFENDANTS' MOTION TO COMPEL MEDIATION AND/OR A SETTLEMENT CONFERENCE BEFORE MAGISTRATE JUDGE**

Case No. 3:18-cv-01023-MMC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Hyatt Corporation and Sunstone EC5, LLC (collectively, "Defendants") seek an order compelling the Parties to attend a settlement conference before the Magistrate Judge to help resolve the Parties' disagreement over key obstacles to settlement. The failed meet and confer efforts are stifling the Parties' ability to finalize settlement. The Court's appointed mediator provided zealous efforts to facilitate conclusion of the litigation. After several weeks of back and forth, the Parties made some headway regarding the issues in this action, but the Parties' remaining issues in dispute risk undermining the mediator's tireless work and the Parties' efforts to date. At present, the Parties' have effectively stalled in their meet and confer efforts and further unassisted efforts are unlikely to result in resolution. However, due to the nature and scope of the issues remaining in dispute, a mediation and/or a settlement conference refereed by the Magistrate Judge is likely to help the Parties finalize settlement or, at a minimum, resolve some of the remaining disagreements between the Parties.

## II. FACTUAL BACKGROUND

Plaintiff Arthur Blaser ("Plaintiff") filed this lawsuit on February 16, 2018 against Defendants, alleging causes of action under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. [Doc. 1] On May 21, 2018, the Court referred discovery-related issues, including the scope of the joint site inspection under General Order 56, to Magistrate Judge Robert M. Illman. [Doc. 19.]

On May 29, 2018, Magistrate Judge Illman ordered the Parties to meet and confer regarding the scope of the site inspection required by General Order 56. The Court also ordered the Parties to file a joint statement by July 13, 2018 that identified the agreed-upon scope of the site inspection and the agreed-upon dates for the site inspection. [Doc. 23] The Parties agreed the scope of the joint site inspection would include: six (6) types of accessible guest rooms; all men's restrooms; all check-in/registration service counters; and all conference rooms on the Pacific level of the hotel. [Doc. 24, pp. 3-4.]

1   Plaintiff's expert inspected Defendants' premises on August 30, 2018.  (Declaration of Kathryn B. Fox ("Fox Decl.") at ¶ 2.)  After Plaintiff's expert inspection, Plaintiff requested remediation of over 200 items that are outside the scope of Plaintiff's Complaint.  (Fox Decl. at ¶ 3.)

The Parties attended mediation all day on May 30, 2019 before Court-appointed mediator James Hodgkins, and did not settle.  Defendants believe that Plaintiff's conduct during and after the mediation, even while mediator Hodgkins was still trying to facilitate settlement, was intended to delay settlement to create additional legal fees.  (Fox Decl. at ¶ 4.)  There is no rational, legal or economic reasoning for Plaintiff's position.

Since mediation, meet and confer communications have broken down between the Parties, and the Parties remain entrenched in their positions.  (Fox Decl. at ¶ 5.)  The Parties' disagreement has stifled settlement communications and risks undoing the progress made by mediator Hodgkins and the Parties during and following their lengthy mediation.  Defendants believe that Magistrate Judge Illman could help the Parties navigate these issues, suggest potential methods to resolve the disputes, encourage good faith settlement negotiations, and/or resolve issues to allow this litigation to proceed.  (Fox Decl. at ¶ 6.)

### III. THE COURT SHOULD COMPEL THE PARTIES TO MEDIATION BEFORE THE MAGISTRATE JUDGE

The Court has authority to compel parties to attend settlement conferences and/or mediation pursuant to Federal Rule of Civil Procedure ("Rule") 16, Northern District of California Civil Local Rule ("Local Rule") No. 16-8, and its inherent juridical authority.  Rule 16 states that district courts may "take appropriate action" with respect to "formulating and simplifying the issues," and "settling the case and using special procedures to assist in resolving the dispute," in addition to other issues.  Rule 16(2)(A), (I).

Local Rule No. 16-8 further provides it is the "policy of this Court to assist parties involved in civil litigation to resolve their disputes in a just, timely and cost-effective manner."  Local Rule No. 16-8, (a).  The Court may "on its own initiative or at the request of one or more parties may

DEFENDANTS' MOTION TO COMPEL MEDIATION
AND/OR A SETTLEMENT CONFERENCE BEFORE
MAGISTRATE JUDGE

Case No. 3:18-cv-01023-MMC

2

refer the case to one of the Court's ADR Programs." *Ibid*. "[E]ven if the parties do not agree, the Judge may issue an order referring the case to ENE, Mediation, or a Settlement Conference." Local Rule No. 16-8(d)(2). Moreover, the Court has the inherent power to order parties to mediate a case in appropriate circumstances even when the parties do not consent to such procedure. *See In re Atlantic Pipe Corp.*, 304 F.3d 135, 145 (1st Cir. 2002) ("[W]e hold that it is within a district court's inherent power to order non-consensual mediation in those cases in which that step seems reasonably likely to serve the interests of justice."); *Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 650 (7th Cir. 1989).

Here, the Court should compel the Parties to attend mediation and/or a settlement conference before Magistrate Judge Illman. Previous mediation attempts before Mr. James Hodgkins were only partly successful. The more time that passes, the further entrenched both parties become.

A settlement conference before a Magistrate Judge could help the Parties navigate the remaining issues and facilitate settlement. Because Judge Illman already has jurisdiction over discovery-related issues before the Court, he can guide the Parties' discussions surrounding continuing disagreements in ways that a private mediator cannot. Judge Illman could improve communications between the parties, probe barriers to settlement, and meaningfully assist the Parties in formulating potential resolutions. As such, a settlement conference before Judge Illman would facilitate a "timely and cost effective" resolution envisioned by Local Rule 16-8, and would "serve the interests of justice." The Court should thus compel the parties to attend mediation and/or a settlement conference before Judge Illman.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANTS' MOTION TO COMPEL MEDIATION AND/OR A SETTLEMENT CONFERENCE BEFORE MAGISTRATE JUDGE**

Case No. 3:18-cv-01023-MMC

IV. **CONCLUSION**

    For the foregoing reasons, Defendants respectfully ask this Court for an order compelling the Parties to mediation and/or a settlement conference before Magistrate Judge Illman.

Dated: July 9, 2019

**BUCHALTER**

By: _/s/ Kathryn B. Fox_
TRACY A. WARREN
J. PATRICK ALLEN
KATHRYN B. FOX
Attorneys for Defendants

H9374.0002 36942349v2

---

**DEFENDANTS' MOTION TO COMPEL MEDIATION AND/OR A SETTLEMENT CONFERENCE BEFORE MAGISTRATE JUDGE**

Case No. 3:18-cv-01023-MMC

4